UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Manawar Javed,

    Movant,

                                            Civil Case No. 21-mc-50209

v.

United States of America,              Sean F. Cox
                                                United States District Court Judge

    Respondent.
_____/

**OPINION & ORDER
DENYING MOTION FOR RETURN OF PROPERTY**

This Miscellaneous Case was opened after Manawar Javed filed a *pro se* Motion to Return Property, brought under Fed. Crim. P. 41(g). The motion has been fully briefed and is ready for a decision by the Court. The Court concludes that a hearing is not necessary. For the reasons set forth below, the motion is DENIED.

**BACKGROUND**

In Criminal Case Number 15-20351, Defendant Manawar Javed ("Javed") was indicted on June 11, 2015, along with several Co-Defendants, and charged with Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, and Conspiracy to Pay and Receive Kickbacks, in violation of 18 U.S.C. § 371. Javed was released on bond pending trial.

On July 28, 2015, the vehicle at issue in this miscellaneous case was taken into custody by the F.B.I. for civil forfeiture at Bloomfield Hills, Michigan. The F.B.I. then initiated civil administrative forfeiture proceedings against the vehicle.

Among other things, personal notice of the seizure and the F.B.I.'s intent to forfeit this

1

property, dated September 17, 2015, was sent to Javed, via certified mail, at his home address in West Bloomfield, Michigan. (Nevin Decl., ECF No. 7-1, at 2). The return receipt was signed by Asthma Javed, Javed's wife, on September 22, 2015. (*Id*.; *see also* ECF No. 7-1 at PageID.42). The records of the F.B.I. reflect that from September 25, 2015 through October 25, 2015, public notice of the seizure of the Vehicle and its intended forfeiture was published on the www.forfeiture.gov for at least 18 hours per day. (Nevin Decl. at 3; *see also* ECF No. 7-1 at PageID.49). In addition, a second public notice of the seizure was published from December 25, 2015 through January 25, 2016 on the www.forfeiture.gov website for at least 18 hours per day. (Nevin Decl. at 3; *see also* ECF No. 7-1 at PageID.52).

The notices of seizure and publication set forth deadlines by which claims were to be filed and the result of failing to file a claim by those dates. The deadline for filing claims, as identified in the notice letter accepted by Javed's wife, was October 22, 2015. The deadlines for filing claims in response to the public notices were November 24, 2015 and February 23, 2016. (Nevin Decl. at 3). The records of the F.B.I. reflect that no claims were filed by Javed, or any other parties, with regard to the Vehicle prior to the deadline dates identified in the notices or advertisements. (Nevin Decl. at 4). The records of the F.B.I. reflect that a petition for remission or mitigation of forfeiture was received from HHS/Medicare – CMS – Region 5 on October 29, 2015 and was granted on January 12, 2017. (Nevin Decl. at 4). On March 8, 2016, the Vehicle was declared administratively forfeited to the United States. (Nevin Decl. at 4; *see also* ECF No. 7-1 at PageID.55).

On March 18, 2016, Javed pleaded guilty in the criminal case to conspiring to commit health care fraud and wire fraud, in violation of 18 U.S.C. §§ 1343, 1347, and 1349. This Court

sentenced Javed to 121 months in prison. This Court also imposed a fine of $250,000.00 and ordered restitution in the amount of $12,755,822.28, to be paid to the United States Dept. of Health and Human Services Medicare Trust Fund.

Javed filed a direct appeal in his criminal case but the United States Court of Appeals for the Sixth Circuit dismissed the appeal as barred by the appellate-waiver provision in Javed's Rule 11 plea agreement. (*See* ECF No. 254). Javed later filed a *pro se* motion under 28 U.S.C. § 2255, which was denied by this Court. Both this Court and the Sixth Circuit declined to issue Javed a certificate of appealability. Thus, Javed's criminal case has concluded and Javed is currently serving his prison sentence.

Acting *pro se*, on January 25, 2021, Javed filed a "Post Verdict Motion To Return Property." (ECF No. 1). This Miscellaneous Case was then opened.

Javed's motion states that the motion is brought under Fed. R. Crim. P. 41(g) and it seeks the return of a vehicle – a 2008 Mercedes Benz S550 with a Vehicle Identification Number WDDNG86X78A173580 (hereinafter "the Vehicle"). (*See* ECF No. 1 at PageID.5). The motion states that while he agreed to the entry of a forfeiture order which included several bank accounts, the "stipulated order did not contain any other property." He asserts that the Government, "however, also seized Javed's family vehicle which was not stipulated to in the preliminary order of forfeiture. Neither was Javed provided a notice to reclaim said property. This violated Javed's Due Process." (*Id*. at PageID.2).

The Government filed a timely response in opposition to the motion, along with a number of exhibits. (ECF No. 7). The Government contends that Javed's Fed. R. Crim. P. 41(g) motion should be denied because Javed's interest in the Vehicle was administratively forfeited and this

Court lacks jurisdiction to consider his motion under Fed. R. Crim. P. 41(g).

Although this Court gave Javed the opportunity to file a reply brief in support of his motion, he declined to file one.

## ANALYSIS

Javed filed the instant motion seeking the return of the Vehicle under Fed. R. Crim. P. 41(g).

Rule 41(g) permits a party aggrieved by an unlawful seizure of property to move for the property's return:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

"A Fed. R. Crim. P. 41 motion is treated as a civil action in equity when the owner of the property invokes the Rule after the conclusion of his criminal proceedings." *United States v. Oguaju,* 107 F. App'x 541, 542 (6th Cir. 2004) (citing *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000) and *United States v. Duncan*, 918 F.2d 747, 654 (6th Cir. 1990)). Once administrative or civil "forfeiture proceedings have been initiated and the property owner has been notified of such proceedings, 'a claimant may no longer use Rule 14(e) [now Rule 41(g)], but instead must submit to the statutory procedures governing civil forfeiture proceedings.'" *Oguaju, supra.* Thus, "[m]ost judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statutes and

4

regulations." *United States v. Campbell*, 3 F. App'x 381, 383 (6th Cir. 2001).

There are two exceptions. First, a motion under 18 U.S.C. § 983(e) "may be filed by a person who is entitled to written notice in a nonjudicial civil forfeiture proceeding but does not receive such notice." *In re $20,000 in U.S. Currency*, 523 F. App'x 322, 323 (6th Cir. 2013). Second, federal courts have "jurisdiction to entertain collateral due process attacks on administrative forfeiture, including challenges to the adequacy of notice." *Id.; see also Campbell*, 3 F. App'x at 383 ( "Nonetheless, federal courts do have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice."); *Oguaju*, 107 F. App'x at 542 .

Here, Javed has not filed a motion under 18 U.S.C. § 983(e).[1] Rather, Javed expressly brought his motion under Fed. R. Crim. P. 41(g). This Court construes Javed's *pro se* Rule 41 motion as asserting a collateral due process attack.

"Whether the government's notice to the defendant satisfies due process is a question of law." *Campbell*, 3 F. App'x at 383. As explained in that case:

> The Constitution requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "[I]f notice was adequate, the forfeiture proceeding provided an adequate legal remedy and [the claimant] will not be entitled to equitable relief." *United States v. Clagett*, 3 F.3d 1355, 1356 n. 1 (9th Cir. 1993). The adequacy of the notice is measured at the time the notice was sent. *See Sarit v. United States Drug Enforcement Admin.*, 987 F.2d 10, 14 (1st Cir. 1993).

*Id*.

---

[1]And the Government's brief explains why a § 983(e) motion would lack merit, if one had been filed by Javed.

This Court concludes that Javed received constitutionally adequate notice of the seizure and forfeiture proceedings related to the Vehicle. The F.B.I. sent written notice of the seizure and the F.B.I.'s intent to forfeit this property, dated September 17, 2015, to Javed, via certified mail, at his home address in West Bloomfield, Michigan. The return receipt was signed by Asthma Javed, Javed's wife, on September 22, 2015. The records of the F.B.I. also reflect that from September 25, 2015 through October 25, 2015, public notice of the seizure of the Vehicle and its intended forfeiture was published on the www.forfeiture.gov for at least 18 hours per day. In addition, a second public notice of the seizure was published from December 25, 2015 through January 25, 2016 on the www.forfeiture.gov website for at least 18 hours per day.

Thus, the F.B.I.'s attempts to notify Javel were reasonable and therefore constitutionally adequate.

Because Javel received constitutionally adequate notice of the seizure and pending forfeiture of the Vehicle at issue, his failure to avail himself of the opportunity to submit a timely administrative claim bars any further judicial consideration of his motion. *Campbell*, 3 F. App'x at 384.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's motion is DENIED. This is a final order and closes this miscellaneous case.

IT IS SO ORDERED.

            s/Sean F. Cox
            Sean F. Cox
            United States District Judge

Dated: September 15, 2021